UNITED STATES DISTRICT COURT DISTRICT OF MARYLAND

BALTIMORE DIVISION

DAMILOLA M. OBEMBE,
Plaintiff,

v.

CAREFIRST MANAGEMENT COMPANY, LLC.
Defendant.

Case No: GLR 25-CV-1933

EXHIBIT A – SUPPLEMENTAL PLEADING (Fed. R. Civ. P. 15(d))

160. Plaintiff supplements the Second Amended Complaint ("SAC," Dkt. 37) pursuant to Fed. R. Civ. P. 15(d) and Paragraph 158 thereof, which expressly reserved the right to supplement with post-filing ADA retaliation and interference facts arising from the continuing conduct of Defendant CareFirst Management Company and its delegated benefits administrator, Alight Solutions, acting as CareFirst's agent for payroll-practice disability administration.

161. Since the filing of the SAC on September 25, 2025, Plaintiff has experienced a continuing and escalating sequence of ADA-related retaliation and interference events arising out of the same employment relationship and accommodation dispute described in the operative pleading.

**(i) Abrupt Short-Term Disability ("STD") Wage Cutoff**

**162.** On August 6, 2025, CareFirst and Alight abruptly terminated Plaintiff's vested STD

wage continuation the day after Plaintiff filed her August 5, 2025 Supplemental Complaint alleging ADA violations, after 129 days of coverage.

163. This cutoff occurred even though medical documentation had been submitted on June 29, 2025, and the Plan's grace-period provisions extended through September 7–8, 2025. Under the Plan, an STD claim may be suspended only if documentation is not provided within the first 15 days of disability reporting, with an additional 15-day cure period and a 30-day review window for non-receipt.

164. Despite these provisions, Defendant and its administrator cut off wage continuation on August 6, 2025 thereby compelling Plaintiff to undergo an unwarranted forty-five-day administrative appeal process to recover wages that were contractually due, in violation of the Plan's procedural safeguards and federal ADA accommodation duties.

165. The Plan defines short-term disability as a payroll-practice benefit providing salary continuation for up to 25 weeks per calendar year, paid through CareFirst's payroll system and exempt from ERISA coverage under 29 C.F.R. § 2510.3-1(b)(2). By unilaterally halting payroll on August 6 despite ongoing medical certification, meeting the plans definition of Disability, Defendant withheld approximately 51 days of vested wages, later acknowledging error through appeal reversal.

**(ii) Reversal on Appeal**

**166.** On September 17, 2025, CareFirst approved Plaintiff's STD appeal and overturned its prior denial, reinstating benefits and authorizing payment for the full disability period March 21 – September 26, 2025. Payment was issued September 24, confirming that the

49-day delay between August 6 and September 24 constituted wrongful withholding of earned compensation.

### (iii) Coercive "Return-to-Work" Threat

167. On September 10, 2025, while Plaintiff's STD appeal remained pending and a long-term-disability evaluation was under medical and administrative review, HR representatives demanded Plaintiff's immediate return to work under threat of termination. This directive was issued despite written work restrictions from Plaintiff's psychiatrist and pending LTD evaluation, constituting coercion and interference in violation of the ADA, 42 U.S.C. § 12203(b).

### (iv) Retaliatory Reference to Federal ADA Case

168. During those same discussions, HR expressly referenced Plaintiff's pending federal ADA lawsuit and accommodation filings, evidencing retaliatory motive and intent to chill protected activity under § 12203(a).

### (v) Ongoing Medical Treatment and Continuing Retaliation

**169.** Plaintiff continues under active psychiatric treatment, including Spravato and transcranial-magnetic-stimulation (TMS) therapy, through at least December 2025. These ongoing treatments require reasonable accommodation and non-retaliatory handling of leave and benefits documentation; yet Defendant's continuing obstruction has impeded Plaintiff's recovery and employment stability.

170. The supplemental allegations introduce no new parties and arise from the same employment relationship and administrative actions described in the SAC, involving

CareFirst and its administrator Alight, who previously denied interactive-process participation on June 13, 2025.

171. The foregoing events form a single, continuing series of transactions constituting retaliation and interference under the ADA, extending from the pre-SAC period into and beyond September 25, 2025.

172. Incorporating these facts through Rule 15(d) is proper because they demonstrate the ongoing nature of Defendant's violations and complete the story of discrimination that began with racial and national-origin harassment, evolved into a disabling condition, and continues through the active interference with medical treatment and benefits. Judicial economy is served by resolving all interrelated claims in a single action.

**PRAYER FOR RELIEF**

173. WHEREFORE, Plaintiff respectfully requests that the Court:

a. Grant leave to file this Supplemental Complaint under Fed. R. Civ. P. 15(d);

b. Direct that it be docketed as part of the operative pleading; and

c. Grant such other and further relief as justice requires.

**Respectfully submitted,**
Dated: October 20, 2025

/s/ Damilola M. Obembe
Plaintiff Pro Se
7661 Arundel Mills Blvd #1158
Hanover, MD 21076
obembefederalcase@gmail.com
(410) 705-4571

EXHIBIT A – SUPPLEMENTAL PLEADING (Fed. R. Civ. P. 15(d))

4 of 5

## CERTIFICATE OF SERVICE

I hereby certify that on this 20th day of October, 2025, I served a copy of the foregoing Exhibit A – Proposed Supplemental Complaint via the Court's CM/ECF electronic filing system, which will send notification of such filing to Defendant's counsel of record:

Donald E. English, Jr.
Morgan, Lewis & Bockius LLP
1111 Pennsylvania Avenue NW
Washington, DC 20004
Email: **donald.english@morganlewis.com**

Respectfully submitted,

/s/ **Damilola M. Obembe**
**Damilola M. Obembe**
Pro Se Plaintiff
7661 Arundel Mills Blvd. #1158
Hanover, MD 21076
Email: obembefederalcase@gmail.com
Phone: (410) 705-4571